2024 SEP 19 PM 11:44

CLERK
U.S. DISTRICT COURT

KASSIA DIOMANDE
70 Lenox Avenue apt 11H
New York, New York 10026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KASSIA DIOMANDE,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER Unknown to Plaintiffs but known to Defendants, Individually and in his Official capacity as a Police Officer of the New York City Police Department, and " JOHN DOE unknown tax ID , JOHN DOE unknown tax ID, JOHN DOE unknown tax ID, JOHN DOE unknown tax ID, JANE DOE unknown tax ID , JANE DOE unknown tax ID", names being fictitious intended to be Officers, Police Officers, agents, servants, licensees, employees of the New York City Police Department, each individually and/or in their respective official capacities with the City of New York and/or the New York City Police Department,<br><br>Defendants. | DOCKET NO.:<br><br>CIVIL ACTION AMENDED<br><br>COMPLAINT<br><br>AND<br><br>JURY DEMAND:<br><br>(1) TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;<br><br>[JURY TRIAL DEMANDED] |

REC'D IN PRO SE OFFICE
SEP 20 '24 AM9:59

COMPLAINT FOR

2024 SEP 19 PM 11:45

Plaintiff Kassia Diomande, ─────────────────── of 70 Malcolm x Blvd, New York, New York 10026, allege the following:

## NATURE OF THE ACTION

1. This is an action seeking compensation and damages pursuant to 42 U.S.C. excessive force, and false arrest; Fourth Amendment Violation for unlawful search and seizure of Plaintiff's persons/body, false imprisonment, false arrest, violation of civil rights, abuse of authority, deviation and/or gross deviation from proper procedures, malice, recklessness, carelessness, official misconduct, malicious persecution and violation of the Plaintiff's Federal Rights Pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. section 1983 for damages sustained by Plaintiff Kassia Diomande, each individually, as direct and proximate result of unconstitutional use of excessive and /or unnecessary force, false imprisonment and false arrest against the above named Plaintiff. Plaintiff suffered from fourth Degree Stalking, NY PL 120.45 and NY PL 120.50 code. Under Title 18 U.S Code § 2261A. This action also seeks to recover punitive damages against the Defendants herein.

2. Based upon information and belief on or about May 3, 2021 the Plaintiff Kassia Diomande resided at 70 Malcom x Blvd. Apt 11H New York, NY 10026.

3. At all relevant times herein mentioned, Plaintiff is of a minority race/national origin/ethnicity/color as she is an African American/Indian/West

1

Indian descent, race, color, ethnicity and /or national origin.

4. That on or about May 3, 2021, the subject premises were entered by the Defendants. Plaintiff was arrest after Plaintiff called the police because plaintiff was attacked by her stalker in her New York City Housing Apartment. Camera surveillance was captured within the incident where unlawful actions were committed on the Defendant.

5. New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND JANE DOES" names being fictitious intended to be Police officers, agents, servant, licensees, and/or employee of the New York Police Department, each individually and/or in their respective official capacities with the City of New York, and/or the New York City Police Department, while acting under color of law, the officers entered the New York City Apartment of the Plaintiff's property and observed her home conditions and the marks and bruises on her neck, chest and arms. Plaintiff informed the officers first name, last name and where the stalker lives. Plaintiff explained that the women has been stalking her for years and plaintiff made police reports to PSA-5 and 28th prescient about her since 2019 up to date.

6. At the time the Defendants left plaintiff home after the incident and an hour later found the women. New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND

2

JANES DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agent/employees, upon information and belief, were at all relevant times herein mentioned, of the Caucasian/White race/Black came back to my home and arrested Plaintiff in her New York City Housing Apartment.

  7. On May 3,2021 Plaintiff resided at 70 Malcolm x Blvd. APT 11H New York, NY 10026. At the time Plaintiff took off her work and had taken time home do the COVID-19 outbreak. Plaintiff was home with her two (2) year old son, ten (10) year old daughter and plaintiff two (2) year old son father. Plaintiff heard a knock on her door. Plaintiff could not see who was at the door until she opened the door. Plaintiff observed it was her stalker known as Danaisa Martin who resides in East Orange, New Jersey. The stalker attacked plaintiff front her door, passing her living room and kitchen. The stalker hit Plaintiff multiple time with a mental clothing rack stick and used Plaintiff kitchen knives to inflect to harm plaintiff. Plaintiff two (2) year old son father was present and separated plaintiff and stalker Danaisa Martin. Plaintiff was than locked inside her bathroom with her two-year-old son by the her son father Arkhmaeed Tacneaux (2) for about an hour and while her ten (10) year old daughter was inside her bedroom. The police were called once Plaintiff son's father opened the bathroom door. New York

3

City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND JANE DOES" names being fictitious intended to be Police officers, agents, servant, licensees, and/or employee of the New York Police Department. each individually and/or in their respective official capacities with the City of New York, and/or the New York City Police Department, While acting under color of law "JOHN AND JANE DOES" Arrested the Stalker Danaisa Martin and then came to plaintiff home and arrested plaintiff inside of her New York City Housing Low income Apartment after plaintiff reported her assault that occurred in her apartment by her stalker.

8. After Defendants search for thirty (30) minute my stalker was found. Defendants than came back to my home to arrest me. Defendants were asked by the Plaintiff what was she being charge with, while Plaintiff was lawfully present in her kitchen and was not about to and had not engaged in any criminal misconduct nor did she present any form of threat to the Defendants. Defendant than circle plaintiff in front of her children. Defendant began to attempt to handcuff plaintiff in front of her children. Plaintiff request if you can get herself and children dressed. But plaintiff was followed into her bathroom while she cleans her body and watched while she got dressed in her bedroom by the Defendants.

9. Despite not having any lawful basis and/or authority to touch

4

and/or cease the person of Plaintiff, Kassia Diomande. The Defendants New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York Police Officers/agent/employees, forcibly grabbed arm and surrounded Plaintiff Kassia Diomande, Defendants New York City Police Officer at PSA-5 and 28th Prescient stated that I am being arrested. Plaintiff Ms. Diomande pleaded with them to not arrest her and asked what was her charges. Defendant had no respond. Defendant The result of the foregoing the Plaintiff Kassia Diomande sustained injuries to her persons including but not limited to: cuts, laceration, contusion, sprain and bruises to her person and to otherwise sustained serious injuries and Psychological/emotional injuries there from.

10. Plaintiff, Kassia Diomande was not brought to a hospital. Plaintiff Kassia Diomande was brought to the prescient and New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND JANE DOES" names being fictitious intended to be Police officers, agents, servant, licensees, and/or employee of the New York Police Department, each individually and /or in their respective official capacities with the City of New York, and/or the New York City Police Department, while acting under color of law "JOHN AND JANE DOES" informed plaintiff that they found

5

all the police reports that plaintiff Ms. Diomande reported about the stalker Dasaisa Martin. Defendant's kept Plaintiff in a cornered space until approximately 4am and not one doctor came to observed her condition. Plaintiff was transported to a police van with the stalker to be arrange.

11. Defendants New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND JANE DOES" names being fictitious intended to be Police officers, agents, servant, licensees. and/or employee of the New York Police Department, each individually and /or in their respective official capacities with the City of New York, and/or the New York City Police Department, while acting under color of law brought Plaintiff to the PSA-5 Precinct where Plaintiff was refused a phone call, refused by "JOHN AND JANE DOES" of use for the bathroom. and was further was detained by "JOHN AND JANE DOES" for 1 day consecutive in their custody.

12. Defendants New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND JANE DOES" names being fictitious intended to be Police officers, agents, servant, licensees. and/or employee of the New York Police Department, each individually and /or in their respective official capacities with the City of New York, and/or the New York City Police Department, While acting under color of law, further arrested in Plaintiff Kassia Diomande New York City Housing apartment and was

detained in their custody and use of the restroom. For the safety or well-being of the Plaintiff Kassia Diomande and as result of the foregoing the Plaintiff Kassia Diomande sustained injuries to her persons including but not limited to: cuts, laceration, contusion, sprain and bruises to his her person and to otherwise sustain serious injuries and Psychological/emotional injuries.

13. Defendants New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND JANE DOES" names being fictitious intended to be Police officers, agents, servant, licensees, and/or employee of the New York Police Department, each individually and /or in their respective official capacities with the City of New York, and/or the New York City Police Department, While acting under color of law "JOHN AND JANE DOES" refused to read Plaintiffs Civil rights, and state what she was being charged with.

14. Defendants New York City Police Officer at PSA-5 and 28th Prescient individually and acting in concert with Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendants the CITY OF NEW YORK as New York City Police officers/agents/employees, after forcibly and with the use of excessive force removing the Plaintiff from her premises against the Plaintiffs individually and respective will, then falsely

7

arrested her with use of forcible restrained, detained, held the Plaintiffs against her will, falsely imprisoned and falsely arrested Plaintiff, imprisoned, used excessive force against the Plaintiff based upon her racial animus and discrimination against Plaintiffs for Plaintiff's race/color/national origin/ethnicity.

15. That said Defendants, New York City Police Officer at PSA-5 and 28th Prescient individually and while acting in concert with each other and acting under the color of law, all acting within the scope of their employment with Defendants the CITY OF NEW YORK as New York City Police Officers/employees/agents, in an intentional effort to justify their unlawful conduct that they caused to be visited upon the Plaintiffs, thereafter then made a false and malicious allegations against the Plaintiff by wrongfully and unlawfully claiming/charging that the Plaintiff had violated the law and unlawfully arrested the Plaintiff causing the Plaintiff to be arrested, kept in PSA-5 prescient for (1)one day than booked, processed, labeled criminal defendants, arraigned, prosecuted and forced her to have to go to court for the false allegation made against her from May 3, 2021 to August 11, 2021 by said Defendants.

16. That as a direct and proximate result of said Defendants, New York City Police Officer at PSA-5 and 28th Prescient individually and while acting in concert with each other and while acting under the color of law, all acting within the scope of their employment with CITY OF NEW YORK as New York City

8

Police Officers/employees/agent, in engaging in unlawful conduct, actions and /or omissions against the Plaintiff, said Defendants , individually and while acting in concert with each other and while acting under the color of law caused Plaintiff individually to suffer and sustain serious personal, physical and emotional/psychological injuries and damages including, not limited to: cut, contusions, lacerations, swelling, bruising, injury to her head, injury to her body, injury to her face, injury to her arms, chest, injury to her foot, loss of employment, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress and incur cost and expenses including personal legal fees and was otherwise damaged/injured herein.

17.    On or about May 3, 2021 the defendants New York City Police Officer at PSA-5 and 28th Prescient known to Plaintiff, and New York City Police Officer "JOHN AND JANE DOES", names being fictitious, intended to be employee agents, servants, licensees, offices/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendants the CITY OF NEW YORK as New York City Police Officers/agents/employees, wrongfully/falsely charged, arrest and/or imprisoned Plaintiff KASSIA DIOMANDE for Violations of Penal Law Sections (one) Counts

9

120.00 assault -3w/intent cause physical injury, 120.00 assault/recklessly cause physical injury 240.30 aggravated harassment injury family and 110-120.00 HM attempted assault w/intent cause physical injury, and 240-26 01 V harassment 2nd Physical contact. After over 3 months of court appearance along with the New York City Housing CCTV footage its was than proving and dismissed on August 6,2021. Defendants failed to prove their burden and dismissed all charges.

## I. THE PARTIES

1. 18.    That at all times herein mentioned, Plaintiff KASSIA DIOMANDE was and still is a resident of the State of New York. That at all times herein mentioned, Defendants THE CITY OF NEW YORK was and is a municipal corporation existing by and under the laws of the State of New York. That at all times herein mentioned, Defendants THE CITY OF NEW YORK is the public employer of Defendants New York City Police Department Police Officers at PSA-5 and 28th Prescient of known to Plaintiff, and New York City Police Officers "JOHN AND JANE DOES", named herein are all residents of the State of New York.

2. 19.    That all times herein mentioned, Defendants THE NEW YORK CITY POLICE DEPARTMENT Police Officer's at PSA-5 and 28th Prescient of The NEW YORK CITY POLICE DEPARTMENT known to Plaintiff, and New York City Police Officer's "JOHN AND JANE DOES", names being fictitious, intended to be employee agents, servants, licensees, offices/employees/agents,

each individually and/or in their official capacities with the City of New York/New York City Police Department and resides in the STATE OF NEW YORK who are also employees of the City OF NEW YORK,

3. 20. Defendants "JOHN DOES", and "JANE DOES", names being fictitious, intended to be employee agents, servants, licensees, offices/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, and are alleged to have acted all in concert with the order with the other and all within the scope of their employment with Defendants the CITY OF NEW YORK as employees/agents/Police Officers of the New York Police Department,

4. 21. In addition to the facts alleged in the foregoing paragraphs is sued in his/her individual and official capacity; acted under the color of law and within the scope of his/her employment, to wit: under color of the statutes, ordinances, regulations. policies, customs and usages of the State Of New York and/or the City of New York;

18. 22. A. Defendant, New York City Police Officers at PSA-5 and 28th Prescient known to Plaintiff, but known to the Defendants, was, at all relevant times, a Police Officer with/of the New York City Police Department and is sued herein individually and in his/her official capacity as a New York City

5. 23. Defendants Police Officers with the New York City Police

11

Department, Defendants "JOHN AND JANE DOES", names being fictitious, intended to be employee agents, servants, licensees, offices/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendants the CITY OF NEW YORK as New York City Police Officers/agents/employees and are being sued herein individually and in their official capacities with the City of New York and /or the New York City Police Department.

6-24.    That on or about May 3 2021, and at all times herein mentioned, Defendants, THE CITY OF NEW YORK owned, operated, managed, controlled, governed, maintained, trained, oversaw, employed and/or supervised Defendants New York City PSA-5 and 28th Prescient known to Plaintiff, and New York City Police Officer "JOHN AND JANE DOES", names being fictitious, intended to be employee agents, servants, licensees, offices/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendants the CITY OF NEW YORK as New York City Police officers/agents/employees, for their respective unlawful conduct herein committed against the Plaintiffs, conduct by said Defendants that was committed in furtherance of Defendant THE CITY OF NEW YORK'S business.

12

~~19~~ 25. **QUALIFIED IMMUNITY VIOLATION**

~~7~~ 26. Plaintiff does not have the names or badge number of the officers who she called to her home neither have the name of the other officer(s) Defendants Police Officers with the New York City Police Department, Defendants "JOHN AND JANE DOES", names being fictitious, intended to be employee agents, servants, licensees, offices/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendants the CITY OF NEW YORK as New York City Police Officers/agents/employees and are being sued herein individually and in their official capacities with the City of New York and /or the New York City Police Department. Defendant individual immunity can't be defining. Defendants at the 28th prescient has 514 allegations in civilian complaints and 53 Substantiated from 2007 to 2024. Defendants at the PSA-area 5 has 419 allegations in civilian complaints and 30 Substantiated from 2000-2023. Furthermore, the NYPD at the at the 28th prescient and PSA-5 covers a specific area of Harlem that also shows that both prescient's both work together. The immunity for their high rate of complaints for violation to civilians are consistent to my complaint.

13

### JURISDICTION AND VENUE

27. This court has jurisdiction over the within action pursuant to 28 U.S.C. federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983. Title VII of the Civil Right Act of 1964, as amended by the Civil Right Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 1983, the Fourth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 (1-4).

Venue is proper in the Eastern District of New York, pursuant to 28 U.SC.

### II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

~~20~~ 28. Plaintiff contacted the CCRB and reported this issue. The investigation was completed without a conclusion. Plaintiff tried to retained copies of the police reports made 1 Police Plaza, New. NY 10007. Defendants sealed police reports related and unrelated to the incident in regards to Danasia Martin name and Plaintiff reported.

### III. FACTUAL ALLEGATIONS

29. Defendant knew plaintiff was in fact attacked by her stalker and has physical injuries of what happen while her two (2) children and son Father was present and the Defendants still arrested plaintiff moreover finding the Stalker in the area of Plaintiff address, followed by number of reports made by the plaintiff about the girl Friend Danasia Martin who lives in East Orange, New Jersey plaintiff reported Aggravated harassments since 2019 up to date. Defendants

14

The NEW YORK CITY POLICE DEPARTMENT watched as Plaintiff clean her body in the bathroom and get dressed inside of her bathroom, blocking and restricting Plaintiff from moving around in her apartment to get her children dressed. Plaintiff live in a low income apartment inside of Harlem. Plaintiff live on the eleven (11) floor in a New York City Housing Building. Defendants detained and arrested Ms. Diomande. Plaintiff has no family and had struggled to find someone to take care of your children while she was taken into police custody. If plaintiff did not live in the area she did or live inside of New York City Housing Defendant would have not have arrested her or treated plaintiff in that many verses if she lived in less crime area and respectable Public Housing. The NEW YORK CITY POLICE DEPARTMENT the facts alleged in the foregoing paragraphs is sued in his/her individual and official capacity; acted under the color of law and within the scope of his/her employment, to wit: under color of the statutes, ordinances, regulations. policies, customs and usages of the State Of New York and/or the City of New York: have had not treated her with more respect. Plaintiff was discriminated because she's black, lived in a high crime rated area and live in New York City Housing and was over looked by her age. Plaintiff begged for help for years about her Stalker and one day was attacked by Danaisa Martin at her New York City Housing apartment where Plaintiff was arrested. Plaintiff had to spend one (1) day in jail

15

and then arraign the next afternoon by judge. Over three (3) month later after reviewing the CCTV footage from New York City Housing Authority. The NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK DISMISSED ALL CHARGES against Plaintiff on August 6,2021. The NEW YORK CITY POLICE DEPARTMENT did not read plaintiff rights and did not tell plaintiff what she's being charged with. Plaintiff was refused the bathroom while in custody of the Defendants. All this because plaintiff is a black female living in low income New York City Housing in a high crime rate area. Plaintiff was treated differently.

<del>21</del>-30.   **CLAIMS FOR RELIEF**

### FIRST CLAIM FOR RELIEF

Plaintiff claims for Defendants Wrongful arrest, Prejudicial Prosecution, Discrimination under the color of law and Race Discrimination Under the Color of law 18 U.S Code §242 and NY Penal Law §135.10 Unlawful imprisonment in the first degree. Loss of income, Compensation and punitive damages.

### SECOND CLAIM FOR RELIEF

Plaintiff claims on seeking damages by the New York City Police Department individual officers for violation of Plaintiff Constitutional Right. 42 USC §1983. Fifth (5) Amendment and Six (6) Amendment of failure to Miranda Plaintiff.

### THIRD CLAIM FOR RELIEF

Plaintiff claims for damages by New York City Police Department and City of New York for Malicious Prosecution in the State of New York for violation of Plaintiff Constitutional Right. 42 USC §1983.

### DECLARATORY RELIEF ALLEGATIONS

~~~31.~~~ A present and actual controversy exists between Plaintiffs and Defendants concerning their rights and respective duties. Plaintiffs contend that Defendants violated their rights under for Malicious Prosecution in the State of New York for violation of Plaintiff Constitutional Right. 42 USC §1983, and the Fifth (5) Amendment Failure to read plaintiff rights to remain silent and Six (6) Amendment of failure to explain rights to council. Defendants Wrongful arrest, Prejudicial Prosecution, Discrimination under the color of law and Race Discrimination Under the Color of law 18 U.S Code §242 and NY Penal Law §135.10 Unlawful imprisonment in the first degree. Plaintiffs are informed and believe and thereon allege that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

32. Plaintiffs seek a judicial declaration of the rights and duties of the respective parties.

### PRAYER FOR RELIEF

33. WHEREFORE, Plaintiffs pray for relief as follows: $350,000 in damages, punitive damages, compensatory, damages and to grant any further relief that it deems just and proper.

Dated: September 19, 2024

Respectfully submitted,

Kassja Diomande, Pro Se

By: *(signature)*

*(Notary stamp: KHEMRAJ A RAMNARINE, Notary Public - State of New York, NO. 01RA6321226, Qualified in Bronx County, My Commission Expires May 1, 2027)*

09/19/24

### DEMAND FOR JURY TRIAL

34. Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

Dated: May 1, 2024

Respectfully submitted,

17

*(signature)*
09/19/24

By: *Kassia Diomande* (signature)
Kassia Diomande

## AFFIRMATION OF SERVICE

*Mail Service
*Electronically Service

Attention: Legislative Affairs Unit (NYC) City Of New York
 Legal Bureau

Room: 1406

Address: One Police Plaza
New York, NY 10038

Fax: 646-610-8395
Tele: 646-610-5400

Attention: New York City Police Department (PSA-5) And 28th Prescient

Commanding Officer: Captain Rebecca Bukofzer Tavarez (PSA-5)

Address: 221E 123rd street, New York, NY 10035

Attention: Commanding Officer: Captain Albert F. Rodriguez (28th) Prescient

Address: 2271-89 8th Ave.
New York, NY 10027-5319

I Kassia Diomande, affirm service was made to all parties above by mail / electronic service.

Date: September 19, 2024

18

KHEMRAJ A RAMNARINE
Notary Public - State of New York
NO. 01RA6321226
Qualified in Bronx County
My Commission Expires May 1, 2027