UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KASSIA DIOMANDE,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                      Defendants.

24 Civ. 7302 (DEH) (GS)

ORDER OF SERVICE[1]

**GARY STEIN, United States Magistrate Judge:**

      In compliance with the Court's April 21 and May 22, 2025 Orders (Dkt. Nos. 24 & 26), Plaintiff, proceeding *pro se*, filed her corrected Second Amended Complaint ("SAC") on June 2, 2025.[2] (Dkt. No. 27). The Court deems Dkt. No. 27 to be Plaintiff's operative SAC. In her SAC, Plaintiff now names six Defendants: (1) The City of New York; (2) NYPD Officer Kelsey Columna, Shield # 05116; (3) NYPD Officer Chabeli Duarte, Shield # 04757; (4) Sgt. Robert Reid, Shield # 03724; (5) NYPD Officer Lesner Delgado, Shield # 23066, and (6) NYPD Officer Joshua Albanese, Shield # 26320.[3] Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker*

---

[1] This Order reflects the Court's recent memorandum of understanding for electronic service with the New York City Police Department.

[2] The Court notes that the date of service on Plaintiff's SAC reflects that it was mailed to the Court on May 29, 2025, in compliance with the Court's May 30, 2025 deadline in Dkt. No. 26. However, this filing was sent directly to Chambers. The Court reminds Plaintiff that filings should be either mailed to the Pro Se Intake Office at 500 Pearl Street, Room 205, New York, NY 10007, not to Chambers, or emailed to prose@nysd.uscourts.gov.

[3] To the extent that Plaintiff's SAC is interpreted to name the NYPD as Defendant, the Court does not authorize service upon the NYPD because "the NYPD and the FDNY are not suable entities." Burke v. Verizon Commun's, Inc., No. 18 Civ. 4496 (PGG), 2019 WL 13146782, at *8 (S.D.N.Y. Mar. 29, 2019); see N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise permitted by law.").

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

*v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants the City of New York, Kelsey Columna, Chabeli Duarte, Robert Reid, Lesner Delgado, and Joshua Albanese, the Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendants waive service of summons.

Plaintiff is reminded that Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**SO ORDERED.**

Dated:   New York, New York
         June 4, 2025

_____
GARY STEIN
United States Magistrate Judge

2