Index No. 24 Civ. 7302 (DEH) (GS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KASSIA DIOMANDE,

Plaintiff,

-against-

CITY OF NEW YORK, JOSHUA ALBANESE,
KELSEY COLUMNA, LESNER DELGADO,
SERGEANT ROBERT REID, AND CHABELI
DUARTE,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS PURSUANT TO FED R. CIV. P.
12(C)**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City, Albanese,*
*Columna, Delgado, and Duarte*


*Of Counsel:  Odalmy Ruiz*
*Tel:  (212) 356-5053*
*Matter 2024-093374*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT STATEMENT OF FACTS ............................................................................. 1

STANDARD OF REVIEW ................................................................................................... 3

ARGUMENT

       POINT I

              THE GENERAL RELEASE SIGNED BY
              PLAINTIFF IN *DIOMANDE I* BARS
              PLAINTIFF'S CLAIMS IN THIS ACTION ............................................. 4

              A.  The General Release in *Diomande I* Released
                   The City, And All Past And Present City
                   Employees, From The Claims Alleged In
                   Plaintiff's TAC. .................................................................... 6

              B.  The Language Of The General Release In
                   *Diomande I* Is Unambiguous And Applies In
                   The Instant Matter............................................................... 6

CONCLUSION....................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                                                                                                <u>**Pages**</u>

*A.A. Truck Renting Corp. v. Navistar, Inc.*,
    916 N.Y.S.2d 194 (2d Dep't 2011)........................................................................6

*Bank of Am. Nat'l Trust & Sav. Ass'n v. Gallizeau*,
    766 F.2d 709 (2d Cir. 1985)..............................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................3

*Collins v. Harrison-Bode*,
    303 F.3d 429 (2d Cir. 2002)..............................................................................4

*Dechberry v. New York City Fire Dep't*,
    124 F. Supp. 3d 131 (E.D.N.Y. 2015) ..............................................................7

*Drew v. City of N.Y.*,
    18-CV-10714 (ER), 2019 U.S. Dist. LEXIS 132416 (S.D.N.Y. Aug. 6, 2019)...................6, 7

*Faber v. Metro. Life Ins. Co.*,
    648 F.3d 98 (2d Cir. 2011)................................................................................3

*Golden Pac. Bancorp v. FDIC*,
    273 F.3d 509 (2d Cir. 2001)..............................................................................5

*Horton v. Empire Bail Bonds*,
    No. 09-CV-1635 (JG), 2010 U.S. Dist. LEXIS 44958 (E.D.N.Y. May 7, 2010) ....................5

*Hunte v. Rushmore Loan Mgmt. Servs., LLC*,
    No. 22-CV-2169 (KMK), 2024 U.S. Dist. LEXIS 42853
    (S.D.N.Y. Mar. 11, 2024) ..................................................................................4

*Juster Assocs. v. City of Rutland*,
    901 F.2d 266 (2d Cir. 1990)..............................................................................4

*Kassia Diomande v. Police Officer Michael Fischer, et al.*,
    20-CV-5570 (RPK)(LB) .........................................................................1, 2, 3, 4, 6

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011)..............................................................................4

*Lively v. WAFRA Inv. Advisory Grp., Inc.*,
    6 F.4th 293 (2d Cir. 2021) ................................................................................3

*Lynch v. City of New York*,
    952 F.3d 67 (2d Cir. 2020)................................................................................3

**Cases** Pages

*Mateo v. Carinha*,
    799 Fed. App'x 51 (2d Cir. 2020)...................................................................4, 5

*Richards v. Select Ins. Co.*,
    40 F. Supp. 2d 163 (S.D.N.Y. 1999)..............................................................3

*Roberts v. Babkiewicz*,
    582 F.3d 418 (2d Cir. 2009)...........................................................................4

*Robinson v. Pierce*,
    No. 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442
    (S.D.N.Y. 2012) ..............................................................................................5

*Selevan v. N.Y. Thruway Auth.*,
    584 F.3d 82 (2d Cir. 2009)...........................................................................3

*Sykes v. Bank of Am.*,
    723 F.3d 399 (2d Cir. 2013)...........................................................................4

*Toro v. Graphic Communs. Holding, Inc.*,
    No. 18 Civ. 3906 (KPF), 2019 U.S. Dist. LEXIS 73380
    (S.D.N.Y. May 1, 2019)...............................................................................4, 5

*Tromp v. City of New York*,
    465 F. App'x 50 ...........................................................................................5, 6

*Walker v. Corizon*,
    764 F. App'x 78 (2d Cir. 2019) ...................................................................6, 7

*Wang v. Paterson*,
    No. 07 Civ. 2032 (LTS)(AJP), 2008 U.S. Dist. LEXIS 102495
    (S.D.N.Y. Dec. 18, 2008)..............................................................................5

**Statutes**

42 U.S.C. § 1983 ...................................................................................................1

Fed. R. Civ. P. 12(b)(6)........................................................................................3

Fed. R. Civ. P. 12(c) ..............................................................................1, 3, 4, 5, 8

## PRELIMINARY STATEMENT

Plaintiff, Kassia Diomande, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that, on May 3, 2021, she was falsely arrested, unlawfully searched, and subjected to excessive force during the course of her arrest and detention by defendant "John Doe" Officers from the New York City Police Department ("NYPD"). (*See generally* Third Amended Complaint ("TAC"), ECF No. 27). Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants City of New York, Albanese, Columna, Delgado, and Duarte now moves for judgment on the pleadings on the grounds that Plaintiff's claims are barred by the terms of a General Release entered into between Plaintiff and the City of New York on February 28, 2024, in the matter *Kassia Diomande v. Police Officer Michael Fischer, et al.*, 20-CV-5570 (RPK)(LB) (hereinafter, "*Diomande I*"). In addition to the general release, Defendants note that the TAC is facially deficient. While Defendants elect not to address the deficiencies in detail at this time, they respectfully submit that the Court could consider the insufficiency of the TAC as an independent basis for dismissal. Accordingly, the TAC should be dismissed in its entirety, with prejudice.

## RELEVANT STATEMENT OF FACTS

Plaintiff filed the instant matter on May 9, 2024 (*see* ECF No. 1), the First Amended Complaint ("FAC") on September 19, 2024, (*see* ECF No. 4),  the Second Amended Complaint on May 19, 2025 (*see* ECF No. 25), and the Third Amended Complaint on June 27, 2025 (*see* ECF No. 27). On September 23, 2024, this case was transferred from the Eastern District of New York to the Southern District of New York. (*See* ECF No. 6). On September 27, 2024, this Court directed Plaintiff to submit a signed signature page for her *in forma pauperis* application to the Court's *Pro Se* Office within thirty (30) days, or by October 26, 2024. (*See* ECF No. 8). On January 8, 2025, the Court entered an order of dismissal for failure to submit the signature page. (*See* ECF Nos. 9, 10). On February 7, 2025, Plaintiff submitted a letter addressed to the Court explaining why her

petition was not signed. (*See* ECF No. 11). Furthermore, on February 10, 2025, the Court granted plaintiff's motion for reconsideration and vacated the order of dismissal. (*See* ECF No. 12). On May 2, 2025, Defendants contacted Plaintiff to inform her that she had signed a release discharging the City and its employees from any and all liability, which includes the instant matter.

In 2020, prior to commencing the instant action, Plaintiff filed a lawsuit against several NYPD officers in *Diomande I*, which culminated in Plaintiff agreeing to a settlement with the City of New York. In connection with the settlement in *Diomande I*, Plaintiff signed a Stipulation of Settlement ("Stipulation"). (*See* Stipulation, annexed hereto as **Exhibit A**). That Stipulation states that

> plaintiff agrees to … release the City of New York and defendants … their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

(*Id.*)

That Stipulation further states that "Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter." (*Id.*)

On February 28, 2024, as part of the settlement, Plaintiff also signed a General Release ("General Release"). (*See* General Release, annexed hereto as **Exhibit B**). By the terms of the General Release, in consideration of the payment of $50,000, Plaintiff agreed to release the City of New York and all of its past and present employees from any and all claims that preceded the date of the General Release. (*Id.*) Specifically, plaintiff agreed to:

> release and discharge the City of New York and defendants … their successors or assigns; and all past and present officials, employees, representatives, and agent of the City of New York or any entity represented by the Office of the Corporation Counsel, collectively the 'RELEASEES,' from any and all liability, claims, or rights of action alleging a violation

of [Plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release [February 28, 2024]."

(*Id.*)

The incident alleged in Plaintiff's TAC occurred on May 3, 2021, which was approximately two years and nine months before Plaintiff signed the General Release in *Diomande I*. (*See* TAC at ¶ 4). The General Release does not include an exception for this incident. (*See* General Release). Moreover, by signing the General Release, plaintiff acknowledged that "the undersigned has read the foregoing release and fully understands it." (*Id.*)

Accordingly, Defendants City, Albanese, Columna, Delgado, and Duarte now seeks judgment on the pleadings pursuant to Rule 12(c) in light of the fact that the instant action is barred by the plain and unequivocal terms of the General Release that Plaintiff signed in *Diomande I*.

## STANDARD OF REVIEW

"The standard for granting a Rule 12(c) motion for judgement on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)). Applying this standard requires courts to "draw all reasonable inferences in [the non-movant's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A judgment on the pleadings is granted "if the moving party is entitled to judgment as a matter of law." *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163, 165 (S.D.N.Y. 1999) (internal quotation marks omitted). A moving party is entitled to judgment as matter of law where it shows

"that no material issue of fact remains to be resolved." *Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).

Where a plaintiff proceeds *pro se*, "the court must 'construe the plaintiff's complaint liberally and interpret it to raise the strongest arguments that it suggests.'" *Hunte v. Rushmore Loan Mgmt. Servs., LLC*, No. 22-CV-2169 (KMK), 2024 U.S. Dist. LEXIS 42853, at *6 (S.D.N.Y. Mar. 11, 2024) (cleaned up) (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). "However, 'the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with the relevant rules of procedural and substantive law.'" *Id.* (quotations omitted).

In adjudicating a Rule 12(c) motion, a court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). A complaint "is 'deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Id.* (citations omitted); *see also Toro v. Graphic Communs. Holding, Inc.*, No. 18 Civ. 3906 (KPF), 2019 U.S. Dist. LEXIS 73380 (S.D.N.Y. May 1, 2019) (permitting a general release to be included in the context of a 12(c) motion to dismiss).

## ARGUMENT

### POINT I

### THE GENERAL RELEASE SIGNED BY PLAINTIFF IN *DIOMANDE I* BARS PLAINTIFF'S CLAIMS IN THIS ACTION

It is well-settled in the Second Circuit that "settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Mateo v. Carinha*, 799 Fed. App'x 51, 53 (2d Cir. 2020) (summary order) (quoting *Collins v. Harrison-Bode*, 303 F.3d

429, 433 (2d Cir. 2002)). Similarly, "[a] release is a species of contract law and 'is governed by the principles of contract law.'" *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 (2d Cir. 2001) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Gallizeau*, 766 F.2d 709, 715 (2d Cir. 1985)). Under general contract principles, the express terms of a contract cannot be supplemented or varied by matters beyond the "four corners" of the document or parol evidence of a party's intentions where the written agreement was intended to embody the entire agreement between the parties. *Robinson v. Pierce*, No. 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442, at \*\*17–18 (S.D.N.Y. 2012); *see also Tromp v. City of New York*, 465 F. App'x 50, 53 ("whereas" clause in a Stipulation of Settlement and Order of Dismissal, which was outside the "four corners" of the general release, does not limit the terms of the general release). This Court has acknowledged that a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is an appropriate vehicle for dismissal on the basis of a release. *See, e.g., Toro v. Graphic Communs. Holding, Inc.*, No. 18 Civ. 3906 (KPF), 2019 U.S. Dist. LEXIS 73380 (S.D.N.Y. May 1, 2019).

"Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Mateo*, 799 Fed. App'x at 53 (quoting *Wang v. Paterson*, No. 07 Civ. 2032 (LTS)(AJP), 2008 U.S. Dist. LEXIS 102495, at \*4 (S.D.N.Y. Dec. 18, 2008); *see also Horton v. Empire Bail Bonds*, No. 09-CV-1635 (JG), 2010 U.S. Dist. LEXIS 44958, at \*6 (E.D.N.Y. May 7, 2010) ("The primary objective when interpreting a contract is to give effect to the intent of the parties as revealed by the language of their agreement.") (internal citation and quotations omitted). As the Second Circuit has noted, "'[w]ords of [G]eneral [R]elease are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then

have been adjudicated as a result of pre-existent controversies.'" *Tromp*, 465 Fed. App'x at 52

(quoting *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2d Dep't 2011)).

**A.    The General Release in *Diomande I* Released The City, And All Past And Present City Employees, From The Claims Alleged In Plaintiff's TAC.**

The General Release signed by Plaintiff in *Diomande I* released the City of New York and

all past and present City employees from any and all of Plaintiff's potential claims that may have

occurred prior to the date Plaintiff signed the release (February 28, 2024), and listed no carve out

litigation as an exception. (*See* General Release, Ex. B). Thus, there can be no dispute that this

unambiguous language releases the claims brought by Plaintiff in the instant matter, as they arise

out of events occurring "on or about May 3, 2021," nearly three years *prior* to the date Plaintiff

signed the General Release. (*See id.*; TAC at ¶ 4). For this reason alone, the instant case must be

dismissed.

**B.    The Language Of The General Release In *Diomande I* Is Unambiguous And Applies In The Instant Matter.**

A contract is unambiguous if it "contains 'a definite and precise meaning, unattended by

danger of misconception in the purport of the contract itself, and concerning which there is no

reasonable basis for a difference of opinion.'" *Drew v. City of N.Y.*, 18-CV-10714 (ER), 2019 U.S.

Dist. LEXIS 132416, at *8 (S.D.N.Y. Aug. 6, 2019) (quoitations omitted).

For instance, in *Drew v. City of New York*, the plaintiff and City executed a general release

relinquishing the plaintiff's rights to bring a suit for violations of his civil rights against the City

arising from any events prior to the date of the signed release. 2019 U.S. Dist. LEXIS 132416, at

*8. This Court held that the general release was unambiguous and enforceable "because it

specifie[d] 'any and all liability, claims or rights of action alleging a violation of [plaintiff's] civil

rights.'" *Id.*; *see also Walker v. Corizon*, 764 F. App'x 78, 79 (2d Cir. 2019) (holding that "the

district court properly dismissed [plaintiff's] complaint because his claims were barred by the

unambiguous language of the release … which encompass[ed] all of plaintiff's civil rights claims against the City, its employees, and its agents arising").

Here, just like in *Drew* and *Walker*, Plaintiff, in exchange for consideration, executed a release with the City specifying that she was relinquishing her right to bring a suit for "any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release [February 28, 2024]." *See* General Release, Ex. B; *Drew*, 2019 U.S. Dist. LEXIS 132416, at *8. That General Release also conspicuously includes a provision stating "THE UNDERSIGNED HAS READ THE FOREGOING AND FULLY UNDERSTANDS IT." (*See* General Release, Ex. B). As well, when Plaintiff signed the Release on February 28, 2024, Plaintiff was presumably aware of the claims asserted in her TAC—and that she was relinquishing her right to pursue them—given that the events alleged in the TAC predated the Release's execution by nearly three years. (*See* General Release, Ex. B; TAC at ¶ 4).

Additionally, "courts in this Circuit have consistently barred claims where a plaintiff enters into a settlement, executes a general release, and then brings an additional lawsuit alleging similar claims that could have been alleged in the prior settled action." *Drew*, 2019 U.S. Dist. LEXIS 132416, at *8 (holding that the incident at issue was included within the scope of a general release where the incident predated the release's execution) (quoting *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 142 (E.D.N.Y. 2015)).

Here, the NYPD Officer defendants that Plaintiff names in her TAC are employees of the New York City Police Department. As such, those defendants are within the scope of the Release as Plaintiff expressly agreed to "release and discharge the City of New York … and all past and

present officials, employees, representatives, and agent of the City of New York … from any and all liability." (*See* General Release, Ex. B).

Thus, the General Release is unambiguous and enforceable and applies in the instant matter. Therefore, the instant case must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants City, Albanese, Columna, Delgado, and Duarte respectfully requests that the Court grant its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, together with such other and further relief as this Court may deem just and proper.

Dated: September 8, 2025
       New York, New York

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants City, Albanese, Columna,*
                              *Delgado, and Duarte*
                              100 Church Street
                              New York, NY 10007
                              (212) 356-5053

                       By:    *Odalmy Ruiz /s/*
                              Odalmy Ruiz
                              *Assistant Corporation Counsel*
                              Special Federal Litigation

TO:    **VIA FIRST CLASS MAIL**
       Kassia Diomande
       70 Lenox Avenue,
       Apt 11-H
       New York, NY 10026